Mark L. Javitch (pending *pro hac vice* admission)
Javitch Law Office
480 S. Ellsworth Avenue
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

Attorney for Plaintiff
and those similarly situated

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY COHN, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>REAL ESTATE NEXUS, LLC a New York limited liability company, ISIAH COLTON, individually,<br><br>    Defendants. | Case No.: 1:20-cv-_____<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

**CLASS ACTION COMPLAINT**

1.    Plaintiff JEFFREY COHN ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant REAL ESTATE NEXUS, LLC, ("Nexus") and Defendant ISIAH COLTON (together, "Defendants") to stop their illegal practice of making illegal robocalls to the cellular and residential telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2. Defendant Nexus is real estate brokerage. As a part of their advertising efforts, Nexus sent thousands of artificial or prerecorded voice messages to consumers' phones nationwide.

3. Defendants did not obtain express written consent prior to sending these artificial or prerecorded voice messages and, therefore, is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; 47 CFR § 64.1200.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendant's use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the calls at issue, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff JEFF COHN is a natural person and is a citizen of Omaha, Nebraska.

9. Defendant REAL ESTATE NEXUS, LLC is a limited liability company organized and existing under the laws of the state of New York. Its registered agent is URS Agents, One Commerce Plaza, 9 Washington Ave, Ste 805A, Albany, New York, 12210.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

11. This Court has specific personal jurisdiction over Defendants because Defendant caused the injury to Plaintiff in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the injury substantially occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendants sell real estate and solicit real estate agents to join their real estate brokerage.

14. Defendants caused artificial or prerecorded voice messages to be sent to thousands of cellular and residential phones numbers.

15. When the Class members answered their phones expecting to hear from a real person, Defendants pulled a bait and switch by playing an artificial or prerecorded voice message advertising health plans.

16. Unfortunately, Defendants failed to obtain express written consent from Plaintiff and the Class before bombarding them with these illegal voice recordings.

## FACTS SPECIFIC TO PLAINTIFF

17. Plaintiff received at least three (3) unsolicited calls from Defendants.

18. On August 18, 2020, Plaintiff received a call on his cell phone ending in 0642 from (585) 623-5157.

19. When Plaintiff listened to the message, Plaintiff heard an artificial or prerecorded voice saying "Hi this is Amy… in upstate New York…we actually need a listing in your market…"

20. On August 21, 2020, Plaintiff received another call on his cell phone ending in 0642 from (315) 226-7347.

21. When Plaintiff listened to the message, Plaintiff heard an artificial or prerecorded voice saying "Hey this is Amy" from "another real estate office…out of the area" and "I need a listing agent."

22. On August 26, 2020, Plaintiff received a call on his cell phone ending in 0642 from (205) 418-9540.

23. When Plaintiff listened to the message, Plaintiff heard an artificial or prerecorded voice message saying "Hey this is Amy … I'm actually over at real estate access … I was just calling … I wanted to send a quick reminder about the hundred called in the day webinar that's coming … training is happening this Thursday at 3 o'clock Eastern.".

24. When Plaintiff called the numbers back, he was connected with Defendants.

25. Defendants solicited Plaintiff for their real estate brokerage

26. Plaintiff never consented to receive calls from Defendants. Plaintiff had no relationship whatsoever with Defendants.

27. Defendants' calls violated Plaintiff's statutory rights and caused actual and statutory damages.

28. In addition to causing statutory damages, these illegal call(s) caused annoyance, intrusion on privacy and seclusion, and wasted time to Plaintiff.

## CLASS ALLEGATIONS

29. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **Automatic Voice Class**. All persons in the United States who: (1) from the last 4 years to present (2) whose cellular or residential telephone were called to promote Defendants' services; and (3) who were played an artificial or prerecorded voice message.
>
> **Do Not Call Class**. All persons in the United States who: (1) from the last 4 years to present (2) whose cellular or residential telephone were called to promote Defendants' services; and (3) while the phone number called was registered on the Federal Do Not Call Registry

30. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

31. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendant's records.

8:20-cv-00488-JFB-MDN Doc # 1 Filed: 11/18/20 Page 6 of 11 - Page ID # 6

32. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited telephone calls.

33. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

34. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

35. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

a. Whether Defendants violated the TCPA;

b. Whether Plaintiff and the TCPA Class received calls to their residential and cellular phones;

c. Whether the phone numbers of Plaintiff and the Do Not Call Class were called two or more times within a twelve (12) month period.

d. Whether the phone numbers of Plaintiff and the Do Not Call Class were registered on the Federal Do Not Call Registry at the time of the phone call.

e. Whether the phone calls played artificial or prerecorded voice messages;

f. Whether the calls were caused by Defendants;

g. Whether the calls promoted Defendants products and services;

h. Whether Defendant obtained express written consent prior to the calls;

i. Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendant's conduct.

36. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer

management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## COUNT I
### Violation of Telephone Consumer Protection Act, 47 U.S.C. § 227(b)
*(On behalf of the Automatic Voice Class Against All Defendants)*

37. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

38. Plaintiff and the Class members received calls to their residential and cellular telephones.

39. The calls were not made for an emergency purpose.

40. The calls played an artificial or prerecorded voice message as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

41. As a result of its unlawful conduct, Defendant repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendant to stop its illegal calling campaign.

42. Defendant made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

43. If the Court finds that Defendant willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

# COUNT II
### Violation of Telephone Consumer Protection Act, 47 U.S.C. § 227(c)
***(On behalf of the Do Not Call Class Against All Defendants)***

44. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45. The telephone numbers of Plaintiff and the Do Not Call Class are and have been for the relevant time period registered on the Federal Do Not Call Registry.

46. Plaintiff's phone number ending in 0642 has been registered on the Federal Do Not Call Registry since July 3, 2007.

47. Despite Plaintiff's long-standing registration on the Federal Do Not Call Registry, Defendants called Plaintiff's cell phone number ending in 0642 at least three (3) times without his consent.

48. Defendants and/or their agents acting with Defendants' knowledge and on their behalf, placed telephone calls to Plaintiff and the Do Not Call Class members' Do Not Call-registered telephone numbers without having their prior express written consent to do so.

49. The foregoing acts and omissions of Defendants and/or their agents constitute violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to residential and wireless telephone numbers listed on the Federal Government's National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

50. Defendants' calls were made for a commercial purpose.

51. Plaintiff and the Do Not Call Class members are entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

52. Plaintiff and the Do Not Call Class members are entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

53. Plaintiff and the Do Not Call Class members also seek a permanent injunction prohibiting Defendants and their agents from making telemarketing solicitations to residential and wireless telephone numbers listed on the National Do Not Call Registry.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JEFFREY COHN, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff JEFFREY COHN as representative of the Classes and appointing his counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violates section 227(b) of the TCPA;

C. An order declaring that Defendants' actions, as set out above, violates section 227(c) of the TCPA;

D. An order declaring that Defendants' actions, as set out above, violates the TCPA willfully and knowingly;

E. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' express consent to receive such calls, and otherwise protecting interests of the Class;

F. An award of actual damages and/or statutory fines and penalties;

G. An award of reasonable attorneys' fees and costs; and

H. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 18, 2020            Respectfully submitted,

PLAINTIFF JEFFREY COHN, individually and on behalf of all others similarly situated,

/s/ Mark L. Javitch

Mark L. Javitch (CA SBN 323729)*
Javitch Law Office
480 S. Ellsworth Avenue
San Mateo, California 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com

*pending *pro hac vice admission*
*Attorneys for Plaintiff and the Putative Class*